UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATTHEW E. KIMBROUGH, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CASE NO. 3:24-cv-1572 (KAD) |
| | : | |
| MALLOY, et al., | : | |
| *Defendants*. | : | DECEMBER 17, 2024 |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge

On October 1, 2024, Plaintiff, Matthew E. Kimbrough ("Plaintiff") filed this Complaint *pro se* pursuant to 42 U.S.C. § 1983. In the case caption, Plaintiff names four Defendants: Correctional Officer Malloy or John Doe 1, Nurse Jane Doe 1, Correctional Officer Wray or John Doe 2, and "St. of CT Corrections Commissioner or John Doe 3." *See* Complaint, ECF No. 1 at 1. However, in the body of the Complaint, Plaintiff identifies the Defendants as Officer Malloy or John Doe 1, Officer Maldinado[1] or John Doe 2, and "State of Corrections of CT Commissioner or John Doe 3" (hereinafter, the "Commissioner"). *See id*. at 3. Notwithstanding this discrepancy, the Court has considered whether Plaintiff states a cognizable claim against any of these five identified Defendants. Liberally construed, the Complaint alleges that Defendants were deliberately indifferent to Plaintiff's health and safety when they wrapped Plaintiff's leg restraints around the leg of his wheelchair, and thereafter ignored the ensuing injuries Plaintiff suffered when he fell while attempting to enter a transport van. For the reasons set forth herein, the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

---

[1] In his Reason for Complaint, Plaintiff alternatively spells this Defendant's name as "Maldanado."

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On March 1, 2024, Plaintiff was being picked up at Waterbury Hospital to be transported to New Haven Correctional Center ("NHCC"). Complaint, ECF No. 1 at 4. Defendants Officers Malloy and Maldinado placed Plaintiff in full body restraints while in a wheelchair. *Id.* While applying the restraints to Plaintiff's legs, Defendant Malloy wrapped the leg restraint around the leg of the wheelchair. *Id.* As such, when Plaintiff stood to walk forward and enter the transport van, he tripped and fell forward, hitting his head on the metal side of the van. *Id.* Defendant Maldinado tried to catch Plaintiff by his shirt, but the shirt slipped out of his hand. *Id.* at 4–5.

When he fell, Plaintiff felt a sharp pain in his right shoulder and feared that the shoulder

was broken. *Id.* at 5. When Defendant Maldinado tried to help, Defendant Malloy pushed him out of the way and took over. *Id.* In response to Defendant Malloy's questions, Plaintiff explained that he had tripped on the restraint and asked to be taken back inside the emergency room because he believed his arm was broken. *Id.* Defendant Malloy told Plaintiff to "stop being a baby" and get into the van. *Id.* When Plaintiff resisted, Defendant Malloy began "man handling" him and trying to force him into the van. *Id.* Defendant Malloy grabbed Plaintiff's arm, and Plaintiff felt his shoulder pop back into place. *Id.* at 5–6. Defendant Maldinado also urged Defendant Malloy to bring Plaintiff back into the hospital, but Defendant Malloy insisted on returning Plaintiff to NHCC. *Id.* at 6. Defendant Malloy lifted Plaintiff by his pants and shoved him into the van, laughing while Defendant Maldinado watched. *Id.* When they reached NHCC, Defendant Maldinado helped Plaintiff to the infirmary. *Id.*

**Discussion**

Plaintiff's Complaint does not specifically identify any legal claims.[2] However, when liberally construed, the Complaint presents claims for deliberate indifference to safety against Defendant Malloy and deliberate indifference to medical needs against Defendants Malloy and Maldinado.[3] For the reasons set forth below, the Complaint is **DISMISSED without prejudice**.

<u>Personal Involvement</u>

As a preliminary matter, the Court finds that the Complaint fails to allege the personal

---

[2] The Court notes that the Complaint's Reason for Complaint section ends with the phrase, "[a]fter entering the infirmary." *See* Complaint, ECF No. 1 at 6. Accordingly, the Court informed Plaintiff that he may have forgotten to submit all of the pages of his Complaint and afforded him a chance to refile a complete complaint. *See* ECF No. 18. Plaintiff has not done so, and instead informed the Clerk's Office by telephone that he did not intend to submit any documents in response to the Court's Order.

[3] As the Complaint alleges no facts suggesting that any injury suffered by Plaintiff on March 1, 2024 is ongoing, the Court assumes that Plaintiff seeks only monetary damages, as opposed to any injunctive or declaratory relief.

3

involvement of Defendants Nurse Jane Doe 1, Correctional Officer Wray, and the Commissioner. It is well-settled that a plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"). Here, Plaintiff lists Nurse Jane Doe 1 as a Defendant in the case caption, but his recitation of facts ends when he entered the infirmary at NHCC. Additionally, the Complaint does not refer to Correctional Officer Wray anywhere except in the case caption. Likewise, Plaintiff identifies the Commissioner as a Defendant, but does not include any allegations against him, much less allege that the Commissioner was involved in the incident or even aware that it occurred. Indeed, the Complaint includes no factual allegations whatsoever mentioning Nurse Jane Doe, Officer Wray, or the Commissioner. Thus, the Court finds that the Complaint fails to adequately allege the personal involvement of either Nurse Jane Doe, Officer Wray, or the Commissioner. Accordingly, any claims against these purported Defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

<u>Deliberate Indifference to Safety</u>

Liberally construed, the Complaint alleges that Defendant Malloy was deliberately indifferent to Plaintiff's safety when he wrapped Plaintiff's leg restraint around the leg of his wheelchair while applying the restraints to Plaintiff and placing him in the transport van.

To state an Eighth Amendment claim for deliberate indifference to safety, Plaintiff must allege facts showing that he was confined under conditions that posed a substantial risk of serious harm and that Defendant Malloy both knew that he faced a substantial risk of serious harm and failed to take reasonable actions to abate or avert the harm. *Farmer v. Brennan*, 511 U.S. 825, 837

(1994); *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (citing *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)). There is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes. *Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019). Instead, the Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.*, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original). "Mere negligence of a prison official is not enough to sustain an Eighth Amendment claim for deliberate indifference to a prisoner's health or safety." *Raynor v. Maldonado*, No. 3:24-CV-1221 (JAM), 2024 WL 4533748, at *5 (D. Conn. Oct. 21, 2024) (citing *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020)). Indeed, Defendant Malloy must have acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006), *abrogated in part on other grounds by Kravitz v. Purcell*, 87 F.4th 11 (2d Cir. 2023).

Plaintiff alleges only that Defendant Malloy wrapped the restraint chain around the leg of the wheelchair while applying the restraints to Plaintiff's legs. This allegation plainly sounds in negligence, as Plaintiff has alleged no facts suggesting that Defendant Malloy was aware that he had wrapped the restraint around the leg of the wheelchair, or that he intended to do so. As Plaintiff's allegations support only a claim of negligence, the claim against Defendant Malloy for deliberate indifference to safety is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

<u>Deliberate Indifference to Medical Needs</u>

The Complaint further alleges that Defendants Malloy and Maldinado were both

deliberately indifferent to Plaintiff's medical needs following the injury he suffered when falling into the van.  Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 194 (1976)).  To prevail on this deliberate indifference claim, Plaintiff must present evidence of sufficiently harmful acts or omissions by a prison official.  *See Estelle*, 429 U.S. at 104–06.  The prison official must have intended to deny or unreasonably delay Plaintiff's access to needed medical care, or wantonly inflicted unnecessary pain.  *See id*.  However, "not every lapse in prison medical care will rise to the level of a constitutional violation; rather the conduct complained of must shock the conscience or constitute a barbarous act."  *Daniels v. Murphy*, No. 3:11-CV-286 (SRU), 2014 WL 3547235, at *8 (D. Conn. July 17, 2014) (citation and alterations omitted).

To state a claim for deliberate indifference to a serious medical need, Plaintiff must satisfy both objective and subjective components.  *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  To meet the objective component, Plaintiff "must show that he actually did not receive adequate care and that the inadequacy in medical care was sufficiently serious."  *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order).  When determining whether a medical need is sufficiently serious, the court considers factors including whether "a reasonable doctor or patient would find [the condition] important and worthy of comment"; whether the condition "significantly affects an individual's daily activities"; and whether the condition causes "chronic and substantial pain."  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).  If the Court determines that Plaintiff was deprived of medical care, it must "examine how the offending conduct is inadequate and what harm, if any, the inadequacy

has cause or will likely cause the prisoner." *Salahuddin*, 467 F.3d at 280. Where, as here, the claim is that medical treatment was improperly delayed, the injury for the objective component focuses on the effect of the delay rather than the underlying medical condition itself. *See Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) ("it's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes").

Under the subjective prong of the deliberate indifference test, a prison official must have been actually aware that his or her actions or inactions would cause a substantial risk of harm to the inmate. *See Salahuddin*, 467 F.3d at 279–80 (citation omitted). The subjective recklessness required to support a claim for deliberate indifference involves more than merely negligent conduct. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim," and that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703. A deliberate indifference claim requires "culpable recklessness, *i.e.*, an act or failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019).

Plaintiff alleges that he hit his head against the van when he fell, and that he dislocated his shoulder, which eventually popped back into place when Defendant Malloy later grabbed Plaintiff's arm. For purposes of initial review, the Court assumes that Plaintiff's underlying medical need was serious. However, although Plaintiff alleges that he experienced severe pain when Defendant Malloy tried to force him into the van, Plaintiff does not allege how long the pain persisted, whether the rough treatment by Defendant Malloy caused further injury, or that his

injuries were exacerbated by having to wait until he returned to NHCC for treatment. Thus, Plaintiff fails to allege a plausible deliberate indifference claim based on the forcible placement in the van and the ensuing delay in medical treatment. Accordingly, Plaintiff's deliberate indifference to medical needs claim is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an Amended Complaint reasserting this claim and alleging facts which, if proven, would demonstrate that the manner in which he was placed in the van and/or the ensuing delay in medical treatment exacerbated his serious injuries.

**Conclusion**

For all of the foregoing reasons, the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). If Plaintiff wishes to attempt to replead his claims for deliberate indifference to serious medical needs against Defendants Malloy or Maldinado, he may file an Amended Complaint on or before **January 16, 2025**. **An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original complaint when evaluating any Amended Complaint.** The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process. Plaintiff **may not** include in any Amended Complaint any other claim or defendant that has been dismissed in this Order. If an Amended Complaint is not timely filed, the Clerk of Court is directed to close this case on January 17, 2025.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the Court. **Failure to do so can result in the dismissal of the case.** Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is

not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

    **SO ORDERED** this 17th day of December 2024 at Bridgeport, Connecticut.

                                              */s/ Kari A. Dooley*
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE